# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-1642

JOSE ALBERTO PORTILLO-RENDON,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals

ARGUED OCTOBER 25, 2011—DECIDED NOVEMBER 7, 2011

Before EASTERBROOK, *Chief Judge*, HAMILTON, *Circuit Judge*, and MYERSCOUGH, *District Judge*.[*]

EASTERBROOK, *Chief Judge*. Jose Portillo-Rendon entered the United States from his native Mexico without inspection (in other words, unlawfully) and remained in this nation for an extended period without detection by immigration officials. He married another alien who

[*] Of the Central District of Illinois, sitting by designation.

likewise lacks permission to be in the United States. The couple have three children, all U.S. citizens by birth. He came to the attention of immigration officials following a series of convictions for traffic offenses—at least four for drunk driving (one for the felony version of that crime, given his recidivism) and three for driving after his license had been suspended or revoked. He has served several stints in prison. State officials finally noticed that Portillo-Rendon is an alien and informed federal officials, who commenced removal proceedings.

Portillo-Rendon applied for cancellation of removal under 8 U.S.C. §1229b(b)(1), contending that he would suffer economic hardship in Mexico and that one of his children, who has a chronic medical condition, can obtain better care in this nation. Among the requirements for cancellation of removal is "good moral character." The immigration judge concluded that Portillo-Rendon lacks it, given his disdain for the rules that govern the use of automobiles. Driving while intoxicated or without a license reflects both indifference to the welfare of other drivers and pedestrians and defiance of known legal obligations. Portillo-Rendon told the immigration judge that his participation in alcohol treatment demonstrates rehabilitation, but the IJ replied that several of his convictions post-date his "rehabilitation." His incorrigible criminal behavior (he has other driving offenses too, including high-speed flight to avoid arrest) is incompatible with "good moral character," the IJ found. The Board of Immigration Appeals agreed.

Decisions under §1229b are not subject to judicial review. See 8 U.S.C. §1252(a)(2)(B)(i); see also *Kucana v.*

*Holder*, 130 S. Ct. 827 (2010). Section 1252(a)(2)(D) states an exception: "constitutional claims or questions of law" are reviewable even though the discretionary components of a decision are not. Portillo-Rendon sees an opening in the BIA's language. It wrote that, because of his convictions, Portillo-Rendon lacks good moral character and thus is "statutorily ineligible for cancellation of removal". Eligibility must be a question of law, he insists, and therefore must be open to plenary judicial review.

This argument reflects a confusion that we thought had been cleared up in *Muratoski v. Holder*, 622 F.3d 824 (7th Cir. 2010). Evidently not, so we will have another go at the topic—but only a brief one, since the point is simple.

"Good moral character" is a statutory requirement—that is, a condition of eligibility—for cancellation of removal. But the Immigration and Nationality Act does not define "good moral character." Hence the decision *whether* an alien has the required character reflects an exercise of administrative discretion. That's one holding of *Muratoski*. See 622 F.3d at 831. Neither the immigration judge nor the Board compared Portillo-Rendon's driving record against a rule. For the purpose of §1252(a)(2)(D), "law" means a dispute about the meaning of a legal text, so that the alien wins if the text means one thing and loses if it means something else. See *Cevilla v. Gonzales*, 446 F.3d 658 (7th Cir. 2006); *Jiménez Viracacha v. Mukasey*, 518 F.3d 511, 514–16 (7th Cir. 2008) (explaining that eight circuits agree with *Cevilla*, and only the ninth circuit does not). There is no dispute about a controlling

text here; there is only a (potential) dispute about whether Portillo-Rendon's driving infractions are serious and frequent enough to show that he lacks good moral character, as opposed to making isolated mistakes. The IJ and BIA thought that this record shows poor moral fiber; that is a discretionary call and thus is not subject to judicial review.

Portillo-Rendon also contends that the agency violated the due process clause. Just where the violation lies, he does not explain. He presents the sort of flabby, unfocused argument that we have deprecated. See, e.g., *Magala v. Gonzales*, 434 F.3d 523 (7th Cir. 2005); *Rehman v. Gonzales*, 441 F.3d 506 (7th Cir. 2006); *Raphael v. Mukasey*, 533 F.3d 521 (7th Cir. 2008). The agency's brief observes that an alien does not have either a liberty or a property interest in cancellation of removal, which is discretionary. See *Kahn v. Mukasey*, 517 F.3d 513 (7th Cir. 2008). To have a liberty or property interest in some benefit, a person must have a legitimate claim of entitlement, which means an entitlement established by rule; hope for a favorable exercise of administrative discretion does not qualify. See *Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Portillo-Rendon's lawyer ignored this problem in his opening brief and did not file a reply brief, which effectively concedes the point.

Why lawyers in immigration cases continue to be fascinated by the due process clause bewilders us—for it is appropriate to consider the Constitution only if the statute and regulations are deficient. Congress has given aliens significant procedural entitlements. See 8 U.S.C.

§1229a. Regulations have added more. Portillo-Rendon does not contend that these entitlements are constitutionally deficient. Nor does he contend that the agency failed to provide him with all process required by the statute and regulations with respect to his moral character. If the agency should fall short, then §1252(a)(2)(D) would allow us to provide relief on statutory grounds; the lack of a constitutional liberty or property interest would not matter. This is yet another reason why aliens who have procedural objections to the handling of their cases should rely on the statute and the regulations rather than intoning "due process" in the hope that it will cover all bases. It won't.

The petition for review is dismissed for want of jurisdiction.