NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 25, 2012
Decided February 14, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-2794

| | |
|---|---|
| GUILLERMO BANUELOS-TORRES, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A089 279 599 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Guillermo Banuelos-Torres, a citizen of Mexico living in the United States without authorization, sought a continuance in his removal proceedings on the ground that eventually he would be eligible to apply to adjust his status to that of a lawful permanent resident. An Immigration Judge denied the request after determining that Banuelos-Torres was not prima facie eligible for adjustment of status. Moreover, the IJ concluded, Banuelos-Torres posed a threat to the community because he continued to commit driving offenses, including driving under the influence of alcohol, long after his license had been suspended. The Board of Immigration Appeals upheld the IJ's ruling, and Banuelos-Torres has petitioned for review. The only issue he raises to this court is whether it was an abuse of discretion to deny his motion for a continuance. Because the immigration courts gave a reasoned explanation for the decision, we deny the petition for review.

**I.**

Banuelos-Torres came to the United States in 1990 without inspection. In 1997 his brother, a U.S. citizen, filed on his behalf a Petition for Alien Relative, Form I-130, to establish their relationship. That petition makes Banuelos-Torres eligible to apply to adjust his status to that of a permanent resident, but not until an immigrant visa is immediately available to him. *See* 8 U.S.C. § 1255(i)(1), (2). As the brother of a citizen, Banuelos-Torres is in the "fourth preference category" for family sponsored visas and is subject to the visa waiting list established by the Department of Homeland Security's priority date system. *See id.* § 1153(a)(4). That waiting list is lengthy, and Banuelos-Torres has remained in the United States illegally while waiting for his name to reach the top. He still does not have an immediately available visa.

Meanwhile, over the years Banuelos-Torres has been arrested multiple times for driving offenses, including driving under the influence of alcohol and driving with a suspended license. In fact, Banuelos-Torres' license has been suspended continuously since 2001, and still he has been driving and incurring violations. After a third conviction for DUI in 2008, he was sentenced to one year of imprisonment. That conviction caught the attention of immigration authorities, who charged that Banuelos-Torres was present illegally in the United States and initiated removal proceedings in July 2009. *See* 8 U.S.C. § 1182(a)(6)(A)(I). At Banuelos-Torres' first hearing, the IJ continued the matter for one month to give newly retained counsel more time to prepare.

At the next hearing Banuelos-Torres conceded that he is removable but explained that he intends to apply for permanent residency when, as he expects to happen eventually, he receives a visa based on his brother's I-130 petition. Because the I-130 petition was filed before April 2001, Banuelos-Torres is "grandfathered" under the Immigration and Nationality Act and will be entitled to apply for adjustment of his status even though he has remained in the country without authorization. 8 U.S.C. § 1255(i)(1). But he will not be prima facie eligible to adjust his status until a visa is immediately available to him. *Id.* § 1255(i)(2)(B). Only a limited number of family sponsored visas are issued each year, and those visas are issued in chronological order within a preference category based on each applicant's "priority date" (the date an I-130 petition was filed on his behalf). *Id.* § 1151(c)(1)(A); 8 C.F.R. § 245(g)(2). A visa will not be available to an alien until other applicants with earlier priority dates have received visas. 8 C.F.R. § 245(g)(1). At the time of Banuelos-Torres' second hearing, the State Department was issuing immigrant visas only for those "fourth preference" aliens whose Form I-130 had been filed on or before December 8, 1995 (a month earlier than the January 1996 date mistakenly recited by the government's lawyer). *See* U.S. DEPARTMENT OF STATE, VISA BULLETIN FOR APRIL 2010,

http://www.travel.state.gov/visa/bulletin/bulletin_4747.html. Banuelos-Torres' priority date is May 27, 1997, so he did not have an immediately available visa. He asked the IJ to continue the hearing indefinitely until his priority date became current but offered no estimate as to how long that would take.

The IJ concluded that the motion was not supported by good cause and denied it. The IJ first noted that Banuelos-Torres had conceded that he was not immediately eligible for a visa because his priority date still was not current. The IJ then detailed Banuelos-Torres' convictions for driving under the influence of alcohol and driving with a suspended license. Banuelos-Torres' repeated "defiance" of U.S. driving laws, the IJ explained, suggested that he would continue to drive, including while intoxicated, without a valid license. Thus, the IJ reasoned, Banuelos-Torres posed a direct threat to the safety of the community. The judge ordered him removed to Mexico.

Banuelos-Torres appealed to the Board of Immigration Appeals. He argued that the IJ should have continued the hearing until his priority date became current, which he predicted would happen "in a little over a year." He also contended that the IJ inappropriately had relied on his driving record to deny the continuance. The Board dismissed the appeal after concluding that Banuelos-Torres had not shown good cause for a continuance. He was not prima facie eligible to adjust his status, the Board determined, and the IJ had been allowed to consider his driving offenses when evaluating the motion.

**II.**

Banuelos-Torres argues in this court that the IJ should have granted a continuance because he was "very close" to becoming eligible to adjust his status. In his view, the IJ arbitrarily denied the motion because of his "bad driving record." The government counters that Banuelos-Torres' history of convictions and lack of an immediately available visa provided sufficient grounds for the denial. And, the government points out, Banuelos-Torres' priority date *still* is not current. In the twenty months since his second hearing, the current priority date has advanced only five months and presently is May 8, 1996. *See* U.S. DEPARTMENT OF STATE, VISA BULLETIN FOR JANUARY 2012, http://www.travel.state.gov/visa/bulletin/bulletin_5630.html. Over the last decade, the priority date for fourth-preference aliens from Mexico, such as Banuelos-Torres, has progressed about six months each year. *See* U.S. DEPARTMENT OF STATE, MEXICO CUT-OFF DATES, http://www.travel.state.gov/pdf/Cut-off_Dates_Mexico_online.pdf. At the current rate, it is unlikely that a visa will become available to Banuelos-Torres before at least January 2014. Only then could he apply for an adjustment of status, and the ruling on that application would be committed to the discretion of the Attorney General. *See* 8 U.S.C. § 1255(i)(2).

Where, as here, the Board agrees with the IJ's decision but adds its own reasoning, we review the IJ's decision as supplemented by the Board. *See Juarez v. Holder*, 599 F.3d 560, 564 (7th Cir. 2010). We have jurisdiction to review the denial of the requested continuance because the underlying basis for the order of removal is reviewable, *see Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004), and anyway the ruling on Banuelos-Torres' motion for a continuance does not implicate the merits of the removal proceedings or his intended application for adjustment of status, *see Calma v. Holder*, 663 F.3d 868, 878 (7th Cir. 2011). An IJ has discretion to grant a continuance if the petitioner shows good cause, 8 C.F.R. § 1003.29, but the refusal to do so will be upheld by this court unless the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group," *Calma*, 663 F.3d at 878 (internal quotation marks and citation omitted).

The IJ in this case denied the continuance primarily because Banuelos-Torres poses a threat to the safety of the community, as evidenced by his continuing driving offenses. The Board, for its part, agreed that it was appropriate for the IJ to take into account Banuelos-Torres' convictions for driving offenses. Banuelos-Torres tries to spin those offenses as "a bad driving record," but that characterization downplays the seriousness of his crimes. He continued to drive despite his suspended license (Banuelos-Torres has not disputed the IJ's assertion that his license has been suspended since 2001) and repeatedly did so while drunk. His third DUI yielded a felony conviction for aggravated driving under the influence of alcohol. *See* 625 ILCS 5/11-501(d)(1), (2). It is unclear from the record whether that DUI was charged as an aggravated offense because of his recidivism, 625 ILCS 5/11-501(d)(1)(A), or because he was driving drunk while his license was suspended, *id.* § 5/11-501(d)(1)(G). A conviction under the latter section may constitute a crime involving moral turpitude, which would render Banuelos-Torres ineligible to receive a visa and subject to removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1255(i)(2)(A); *Marmolejo-Campos v. Gonzales*, 503 F.3d 922, 926 (9th Cir. 2007); *In re Lopez-Meza*, 22 I. & N. Dec. 1188, 1194–95 (BIA 1999). But in any case, the threat created by Banuelos-Torres' continued criminal behavior provided a valid reason for denying the motion for a continuance. *See Ceta v. Mukasey*, 535 F.3d 639, 647 (7th Cir. 2008); *Subhan*, 383 F.3d at 593–94; *Badwan v. Gonzales*, 494 F.3d 566, 570 (6th Cir. 2007).

Banuelos-Torres has not addressed the Board's statement that an IJ may consider convictions for driving offenses in assessing whether an alien has established good cause for a continuance, nor has he filed a reply brief disputing the government's citation to *Subhan* as support for that proposition. Rather, Banuelos-Torres simply insists that the Board should have overturned the IJ's ruling because, in his view, he is "close" to becoming eligible to adjust his status. That argument might have had traction if the IJ had relied

solely on his present ineligibility to adjust his status. In that context an observation that Banuelos-Torres lacked an immediately available visa would be "a statement of the obvious," not a *reason* to deny a motion for a continuance. *Ahmed v. Gonzales*, 465 F.3d 806, 810 (7th Cir. 2006); *Subhan*, 383 F.3d at 593; *Badwan*, 494 F.3d at 570; *but see Luevano v. Holder*, 660 F.3d 1207, 1214–15 (10th Cir. 2011) (concluding that lack of immediately available visa is reason to deny continuance because alien is not eligible for adjustment of status at time of hearing); *Chacku v. U.S. Attorney Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008) (same). But the IJ did not simply acknowledge Banuelos-Torres' place in the adjustment of status process; he appropriately reasoned that, in light of Banuelos-Torres' repeated DUIs, a continuance was not warranted. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 793–94 (BIA 2009).

Accordingly, we DENY the petition for review.