NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued February 14, 2012
Decided February 15, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

EDMOND E. CHANG, *District Judge*[*]

No. 11-2672

THELMA LOWELLA YOUNG,
    *Petitioner*,

       *v.*

ERIC H. HOLDER, JR.,
Attorney General of the United States,
    *Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.

**Order**

Thelma Lowella Young, a citizen of Belize, entered the United States in 2000 and did not depart when her visa expired. In 2005 she applied for adjustment of status as an immediate relative of a daughter, who is a citizen of this nation by virtue of birth here.

Part of Immigration and Nationality Act, 8 U.S.C. §1182(a)(6)(C)(i), provides that aliens who have committed immigration-related fraud are not eligible for adjustment of status. Immigration officials charged Young with fraud—specifically, attempting to enter the United States in 1974 under a false claim of U.S. citizenship. (Two provisions added to the Act in 1996, §§ 1182(a)(6)(C)(ii) and 1227(a)(3)(D), deal directly with false

---

[*] Of the Northern District of Illinois, sitting by designation.

claims of citizenship but are not retroactive.) In September 2005 the Department of Homeland Security denied Young's application for adjustment of status, citing the events of 1974. In March 2007 the Department formally began the process of removing Young from the United States. It proposed to remove her under 8 U.S.C. §1227(a)(1)(B), because she overstayed her visa and lacks any current grant of permission to be in the United States. She defended by denying that she had committed fraud and contending that she is entitled to adjustment of status.

A hearing before an immigration judge took place in June 2009; the principal evidence offered by the agency was three documents dating to 1974 that, the agency contends, show the false claim of citizenship and thus a fraud. (The precise nature of the proof is not important, and we omit it to simplify this order.) Young had been in possession of these documents since 2007 (if not 2005). Young then put on her case; she was the only witness, and she did not present anyone else's testimony by deposition or affidavit. In rebuttal the agency proffered four additional documents that it contended established that Young's testimony was false and that fraud had indeed occurred in 1974. At this point Young's lawyer asked the IJ to halt the hearing so that Young could prepare additional evidence to meet these additional documents. The IJ denied this motion, found by clear and convincing evidence that Young had committed fraud in 1974, and ordered her removed from the United States. The Board of Immigration Appeals dismissed her appeal, expressly disclaiming any reliance on the 1996 amendments.

Young contends in this court that the agency violated the due process clause of the fifth amendment by denying her the opportunity to meet the evidence offered in rebuttal. There are several problems with this line of argument. One is that an alien does not have a liberty or property interest in adjustment of status, so the due process clause does not apply. See *Portillo-Rendon v. Holder*, 662 F.3d 815 (7th Cir. 2011); *Hamdan v. Gonzales*, 425 F.3d 1051, 1061 (7th Cir. 2005). Another is that Young has never told us (or for that matter the Board) what additional evidence *could* have been supplied with additional time. Young's lawyer did not make an offer of proof at the hearing or request time to do so; counsel did not file with the Board an affidavit explaining what additional evidence might have been marshaled; and even now, more than 30 months after the hearing, Young's lawyer has not explained what evidence could have been gathered and presented with a little more time. A third problem is that Young supposes that the due process clause requires pretrial (or pre-hearing) disclosures. Yet the Constitution does not create an entitlement to discovery. See *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Even in criminal prosecutions, the constitutional disclosure obligation is limited to evidence favorable to the accused, see *Brady v. Maryland*, 373 U.S. 83 (1963)—and for impeaching evidence this is a right to disclosure at trial, not a right to discovery before trial. See *United States v. Ruiz*, 536 U.S. 622, 629–33 (2002). The evidence here is inculpatory, was used to impeach Young, and was never requested in discovery.

*Portillo-Rendon* is among many cases in this circuit deprecating ambulatory invocations of due process when statutes or regulations create more concrete entitlements.

Young's reply brief asserts that the agency violated 8 U.S.C. §1229a and procedural regulations. But when asked at oral argument which specific requirement the agency had dishonored, counsel did not have a candidate to suggest. As far as we can see, the agency followed all of the procedural rules created by §1229a and its own regulations. Young knew more than three years before the hearing the nature of the agency's charge, giving her plenty of time to gather and present contrary evidence. Substantial evidence supports the agency's decision.

The petition for review is denied.