NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 2, 2012
Decided October 5, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-1380

RAUL OCHOA-ORTEGA,
    *Petitioner*,

        *v.*

ERIC H. HOLDER, JR.,
Attorney General of the United States,
    *Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.

**Order**

In 1990 Raul Ochoa-Ortega surreptitiously entered the United States from his native Mexico. Immigration officials did not catch his illegal presence until 2008, when state officials alerted them to Ochoa-Ortega's appalling driving record, which includes three convictions for drunk driving, plus a conviction for driving without a valid license (it had been suspended after a DUI conviction) and an arrest for driving without insurance (that charge was dismissed as part of a plea bargain). Ochoa-Ortega resisted the removal proceedings by contending that return to Mexico would expose his family to economic hardship. He has three children who are citizens of this nation and a fourth who appears to be a citizen of Mexico. Hardship to U.S. citizens from an alien's departure permits immigration officials to withhold removal. 8 U.S.C. §1229b(b)(1).

An alien's good moral character is one requirement for this relief. An immigration judge concluded that Ochoa-Ortega's driving record demonstrates a lack of good moral

character. The IJ relied not only on 8 U.S.C. §1101(f)(1), which says that no "habitual drunkard" possesses good character, but also on subsection (f)'s hanging paragraph, which says that "[t]he fact that any person is not within any of the [categorical exclusions] shall not preclude a finding that for other reasons such person is or was not of good moral character." On appeal, the Board of Immigration Appeals bypassed §1101(f)(1) but approved the IJ's conclusion that Ochoa-Ortega nonetheless lacks good moral character. Like the IJ, the BIA principally relied on three considerations: (1) the three drunk-driving convictions (including the observation that drunk driving creates substantial risks for other drivers, passengers, and pedestrians); (2) the fact that after his first two convictions Ochoa-Ortega promised to reform, yet did not keep those promises; and (3) the fact that Ochoa-Ortega is not now participating in alcohol counseling.

Ochoa-Ortega asks us to set aside the order of removal, but we lack jurisdiction to review the agency's conclusion that an alien lacks the good moral character required for relief under §1229b(b)(1). See 8 U.S.C. §1252(a)(2)(B)(i); *Portillo-Rendon v. Holder*, 662 F.3d 815 (7th Cir. 2011). Review of legal issues remains possible, see §1252(a)(2)(D), and Ochoa-Ortega contends that the IJ and BIA committed a legal error by ignoring all evidence of his good character. An agency has discretion to give particular evidence little weight, and judicial review of that decision is forbidden, but the agency lacks discretion simply to ignore evidence. That's the legal error that Ochoa-Ortega says occurred.

Yet in this court Ochoa-Ortega does not point to a single piece of evidence that the IJ or BIA overlooked. His contention, rather, is that the IJ should have given his two decades of life in the U.S., the hardship to his three citizen children, and what he describes as his progress toward fighting alcoholism, some weight in the "good moral character" calculus as well as in the "hardship" calculus. It is not clear to us that the agency is obliged to consider the first two of these items under both headings, but we need not decide, because it *did* consider them. For example, the IJ wrote: "this Judge is mindful that the respondent understands he has a problem. … He does have the number of [a person] he may call in the event that he is having difficulties with the temptation to consume alcohol. This is laudable but may not be enough given the respondent's histories of having a relapse." Earlier the IJ had discussed Ochoa-Ortega's family (including his siblings, some of whom are legal residents of the United States) and the alcohol programs in which he had participated. Ochoa-Ortega has not established even a plausible argument that a legal error occurred. His petition for review therefore is dismissed for lack of jurisdiction.