In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2536

JOSE LUIS ORTIZ-ESTRADA,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A200-837-406.

ARGUED JUNE 11, 2014 — DECIDED JULY 3, 2014

Before WOOD, *Chief Judge*, and POSNER and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. The petitioner, a Mexican citizen, entered the United States in 1996, when he was 20 years old, and has lived in this country ever since; he is married and has five children, all of whom are U.S. citizens. He admits that he is an illegal immigrant and can avoid removal only if he is granted cancellation of removal, 8 U.S.C. § 1229b(b), for which he applied in 2011 after being placed in removal pro-

ceedings. One of the requirements for cancellation of remov-
al applicable to our petitioner is that he have lived continu-
ously in the United States for at least 10 years prior to the
filing of his petition for cancellation of removal, and another
is that during that period he have been of "good moral char-
acter." §§ 1229b(b)(1)(A), (B). In 2012 the immigration judge,
seconded the following year by the Board of Immigration
Appeals, ruled that the petitioner had flunked the second
requirement.

By the time he was placed in removal proceedings in
2010 he had accumulated an impressive string of sanctions
for a variety of traffic offenses committed in the previous
decade. He had received a citation for violating traffic laws
and driving in an "aggravated manner" after his license had
been revoked. He had received citations for driving without
a valid license, driving on three occasions under the influ-
ence of alcohol, driving with a revoked driver's license and
on another occasion with a revoked or suspended license,
violating a license-revocation order, twice lacking required
proof of financial responsibility, and running a traffic light.
He had also received suspensions for disregarding a
stop/yield sign, for failing to fasten his seat belt, and for his
previous violations.

In 2011, with the removal proceeding still underway, he
had again been arrested, and this time he was charged with
eight traffic offenses, four of which involved "aggravated"
driving under the influence. The immigration judge decided
to continue (meaning, suspend) the removal proceeding un-
til the new traffic charges were resolved. The petitioner's
lawyer hoped that critical prosecutorial evidence in the DUI
case would be suppressed, compelling dismissal of the case.

Months passed. The continuance kept getting renewed in expectation of a resolution of the DUI case. But the immigration judge's patience eventually ran out and he both refused a further continuance, even though the latest charges against the petitioner had still not been resolved, and, proceeding to the merits, denied cancellation of removal on the ground that the petitioner's multiple traffic offenses demonstrated that he was not of good moral character; and so ordered him removed.

The immigration judge explained in his decision that "given the respondent's lengthy record, not including a final disposition on the last driving under the influence case and the last court hearing, which is still pending in the criminal court in Chicago, this Judge believes that given the intervening precedent decisions by the Seventh Circuit in [*Portillo-Rendon v. Holder*, 662 F.3d 815 (7th Cir. 2011), and *Banuelos-Torres v. Holder*, 461 F. App'x 509 (7th Cir. 2012) (per curiam)] … the respondent lacks good moral character necessary to qualify for cancellation of removal." At the oral hearing that preceded the issuance of his decision the immigration judge had said with reference to those two cases that "the Seventh Circuit Court of Appeals has affirmed the notion that an individual with a record like yours lacks good moral character to qualify for residence through cancellation of removal."

That's not correct, though both cases did involve aliens who were seeking cancellation of removal after having accumulated impressive records of violating this country's traffic laws. But in *Banuelos-Torres* the only issue was whether the immigration judge had acted unreasonably in denying a continuance, and we held that he had not; the alien's record of traffic violations was so bad that the immigration

judge was rightly afraid of what further violations the alien might commit if left at large because of the continuance: "[he] poses a threat to the safety of the community." 461 F. App'x at 512. And in *Portillo-Rendon* we held that because the Immigration and Nationality Act does not define "good moral character," the decision whether an alien has such a character is an exercise of administration discretion that a court cannot review. 662 F.3d at 817.

But the immigration judge's error was without consequence. The Board of Immigration Appeals "affirm[ed] [his] determination" that Ortiz-Estrada had not proved good moral character. It based the affirmance on "the extent and recidivist nature of [his] dangerous driving violations," the fact that the immigration judge had "discussed [his] undisputed record of driving violations and criminal conduct spanning 10 years which also includes multiple DUI related charges," and the absence of any "clear error in the Immigration Judge's findings of fact." The Board did not correct the immigration judge's mistaken interpretations of our *Portillo-Rendon* and *Banuelos-Torres* decisions, but it didn't have to; it said "we need not reach the other reasons identified in the Immigration Judge's decision for his determination that [Ortiz-Estrada] lacked the requisite good moral character for relief." By saying this, the Board implicitly disclaimed reliance on our two decisions.

It remains to consider the petitioner's argument that the immigration judge's abrupt refusal to grant a further continuance of the removal proceeding (to await the conclusion of the latest criminal prosecution) violated the petitioner's procedural rights. Although a determination that the alien lacks "good moral character" is not subject to judicial review, 8

U.S.C. § 1252(a)(2)(B)(i), the Board and the immigration judge must, on pain of reversal if they don't, respect the alien's right to "a reasonable opportunity … to present evidence on [his] own behalf," 8 U.S.C. § 1229a(b)(4)(B), though "in order to succeed in challenging the legality of such a hearing, the alien must show not only that [his or] her 'reasonable opportunity' was denied, but also that [he or] she was prejudiced." *Apouviepseakoda v. Gonzales*, 475 F.3d 881, 885 (7th Cir. 2007); see also *Delgado v. Holder*, 674 F.3d 759, 766 (7th Cir. 2012).

The petitioner argues that the immigration judge "failed to take into proper consideration all relevant factors in the instant case, including the differences [between] the Petitioner's driving history [and that of the alien in *Portillo-Rendon v. Holder*, *supra*], Petitioner's lack of a felony conviction [which Portillo-Rendon had had], Petitioner's good faith efforts at rehabilitation which have not been refuted, and the fact that Petitioner's latest pending charge against him may still be dismissed." The first two points are irrelevant, given the Board's decision not to give any weight to the immigration judge's reliance on the *Portillo-Rendon* and *Banuelos-Torres* cases. The third point is immaterial, because it was argued to the immigration judge before he denied the further continuance sought by the petitioner. The fourth point could not have been material, for even if the petitioner had been acquitted of the 2011 traffic offenses, the immigration judge would have found him deficient in moral character, because the judge based that finding on the petitioner's 2000–2010 offense record. Anyway he wasn't acquitted. He pleaded guilty last November (five months after the Board's decision) to "aggravated DUI" and driving with a suspended or revoked license.

His lawyer argues that the immigration judge's abrupt refusal to continue the removal proceeding prevented the lawyer from presenting evidence that would have cast his client's moral character in a more favorable light. But his brief does not particularize the evidence, its emphasis being on the judge's ruling on cancellation of removal before the outcome of the petitioner's latest criminal proceeding could be known. The ruling was justified. The judge had enough evidence before him when he denied the further continuance to conclude that the petitioner lacked good moral character. And the Board when it affirmed the denial had enough evidence before it to come to the same conclusion, thus making the outcome of that latest criminal proceeding immaterial—and now that we know the outcome we know that the petitioner was not prejudiced by the immigration judge's refusal to delay ruling on moral character.

The lawyer's procedural argument amounts to a contention that as long as his client goes on violating the traffic laws, he can't be removed—for even though his record gets worse and worse, there will always be some pending charges that the immigration judge must wait to see resolved before deciding whether to order him removed. Not a good argument.

The petition for review is

DENIED.