NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued September 10, 2014

Decided September 24, 2014

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 13-3627 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| LUCIAN R. DEAN, *Plaintiff-Appellant,* | |
| *v.* | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, *Defendant-Appellee.* | No. 1:12-cv-00509-TWP-MJD Tanya Walton Pratt, *Judge*. |

**Order**

Lucian Dean's application for Social Security disability benefits was denied, and a district judge concluded that the agency's decision is supported by substantial evidence and free from procedural error. The district court's thorough opinion covers the important issues, and we add only a few words about the main appellate argument.

Dean contends that the ALJ violated the Due Process Clause of the Fifth Amendment by doing research on the Internet about the sort of jobs he had held, and in particular about his experiences in rappelling and as a guide of rafting tours. To the extent that the ALJ wanted to find out what rappelling is, and similar matters of "legislative

fact," there is no greater problem in doing research on the Internet than in more traditional ways, such as reading books or magazines. Judges do not violate the Constitution by consulting their own funds of knowledge about the world, or by augmenting that knowledge. This court does so regularly. No judge is required to approach a case in complete ignorance. An open mind is required; an empty mind is not. See *Liteky v. United States*, 510 U.S. 540 (1994).

Nor do judges (under either Article I or Article III) violate the Constitution by learning "adjudicative facts" about the litigants in pending cases—though judges must put in the record what they believe they have learned and permit the litigants to reply. The ALJ did just that. Dean says that his mental condition prevents him from dealing adequately with surprises, such as the statements the ALJ made about what she had found. But Dean was represented by counsel, who neither objected nor asked for a continuance to allow the presentation of additional evidence. Dean's current lawyer does not contend that the lawyer who represented him at the hearing was unable to cope with surprises; no one with such a limitation should represent a client at a trial or a hearing.

The Social Security Administration discourages but does not prohibit ALJs from making factual inquiries before or after a hearing. See Social Security Administration, *Hearings, Appeals and Litigation Law Manual* (HALLEX) I-2-5-1 ("If the claimant does not provide medical or other evidence … the ALJ will generally make a decision based on the evidence in the record, including evidence the ALJ has obtained directly."). Dean does not contend that any regulation, or even a statement in the HALLEX manual, unconditionally forbids gathering information on the Internet, so we need not decide whether the manual, which is designated as a guide rather than a regulation, establishes rights enforceable by claimants. Dean cites HALLEX I-2-5-69, which was amended after his hearing to limit ALJs' use of the Internet, but does not contend that it is retroactive. That's another reason why we need not decide whether it creates rights that litigants can enforce in court.

In this case, as in most other administrative proceedings, statutes and regulations offer the claimant a better chance of success than does a generic appeal to due process. See, e.g., *Portillo-Rendon v. Holder*, 662 F.3d 815 (7th Cir. 2011). The statutory question here is whether the record, including the additions made by the ALJ, supplies substantial evidence for the decision. The district court's evaluation shows that the answer is yes. The regulation most helpful to Dean is 20 C.F.R. §404.940, which requires ALJs to recuse themselves when prejudiced. As *Liteky* shows, however, knowing facts about a litigant differs from prejudice.

AFFIRMED