**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 7, 2015
Decided October 27, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1926

| | |
|---|---|
| SANTIAGO ORTIZ-REYES, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A200-837-745 |
| | |
| LORETTA E. LYNCH, | |
| Attorney General of the United States, | |
| *Respondent*. | |

## O R D E R

Santiago Ortiz-Reyes, a 40-year-old Mexican citizen, seeks review of the denial of his application for cancellation of removal. The immigration judge ("IJ") ruled that Ortiz-Reyes was ineligible because his record of driving offenses—including two arrests for driving under the influence—precluded him from establishing good moral character. The IJ alternatively ruled that Ortiz-Reyes was ineligible because he did not demonstrate that his removal would result in exceptional and extremely unusual hardship to his daughters. The Board of Immigration Appeals affirmed. Although the IJ misread one of this court's cases in her moral-character determination, we deny the petition because this error is harmless and Ortiz-Reyes cannot overcome the

discretionary determination that he failed to show that his daughters would experience the required level of hardship if he were removed.

Ortiz-Reyes entered the United States in 2000 without inspection by crossing the border into Laredo, Texas. Over the next decade, he built a life for himself working as a cook and fathering two daughters, one born in 2003 and the other in 2006.

In 2010 the government initiated removal proceedings after Ortiz-Reyes had been jailed for aggravated driving under the influence. *See* 8 U.S.C. § 1182(a)(6)(A)(i). At the time he had an extensive criminal history of traffic violations; ten times he had been arrested for various offenses including driving under the influence, no driver's license, driving on suspended/revoked license, obstruction of justice, and driving with no insurance. Ortiz-Reyes conceded removability but requested cancellation of removal as a nonpermanent resident under 8 U.S.C. § 1229b(b)(1) based on the hardship his removal would cause his two daughters, both U.S. citizens. He alternatively requested voluntary departure under 8 U.S.C. § 1229c(b)(1).

Ortiz-Reyes testified before an immigration judge about the effect his removal would have on his daughters. He testified that the girls lived with their mother, Maria Parra, but every 15 days from 10 a.m. to 5 p.m., he visited them at their mother's house and took them out to various activities. He paid $200 in child support every 15 days and purchased clothes, shoes, and other items for his daughters as needed. Ortiz-Reyes also testified that one of his daughters had asthma and the other had a back problem that required surgery. If he were removed to Mexico, Ortiz-Reyes said, his daughters would suffer emotionally and he would not be able to continue supporting them financially because the Mexican economy is bad and he does not have a degree.

The IJ found Ortiz-Reyes ineligible for cancellation of removal. According to the IJ, Ortiz-Reyes met the requirement of being continuously physically present in the United States for more than ten years, but he had not demonstrated good moral character during that time. Ortiz-Reyes's numerous traffic offenses, the IJ stated, "revealed not only a 'disdain for the rules that govern the use of automobiles,' but also a dangerous indifference to public safety." Even if Ortiz-Reyes had met the good-moral-character requirement, the IJ found alternatively that Ortiz-Reyes did not demonstrate that his removal would cause exceptional and extremely unusual hardship to his daughters. The IJ did, however, grant Ortiz-Reyes's request for voluntary departure.

Ortiz-Reyes appealed the IJ's decision to the Board of Immigration Appeals, contending that the IJ erred in finding that he did not meet his burden to establish eligibility. With respect to the IJ's finding on good moral character, Ortiz-Reyes argued

that most of his convictions were for minor traffic offenses and that he had learned his lesson and no longer drives at all. With respect to the IJ's determination regarding exceptional and extremely unusual hardship to a qualifying relative, Ortiz-Reyes again invoked his daughters' health issues and the financial and emotional harm they would suffer by his removal.

In a cursory order, the Board upheld the IJ's decision. The Board noted that Ortiz-Reyes did not dispute the record of his convictions discussed by the IJ, and it was unconvinced that the IJ's moral-character determination was erroneous. The Board also agreed with the IJ that Ortiz-Reyes did not meet his burden to prove the requisite hardship to his children.

Ortiz-Reyes first contends that the Board and IJ misunderstood this court's precedent in determining that he lacked good moral character. He asserts that the Board and IJ read *Portillo-Rendon v. Holder*, 662 F.3d 815 (7th Cir. 2011), for the proposition that a finding of good moral character is precluded as a matter of law by DUIs and driving offenses, when in fact the case holds that the moral-character determination is a discretionary matter left to the agency. The Board and IJ, in his view, both failed to exercise their discretion in their good-moral-character determinations.[1]

We agree with Ortiz-Reyes that the Board and IJ misread this court's precedent, though the error was harmless. In her discussion on good moral character, the IJ stated, citing *Portillo-Rendon*, that "the BIA and some circuit courts of appeal have refused to consider multiple serious driving offenses 'isolated' mistakes." This is incorrect. Appellate courts may not refuse to treat serious driving offenses as isolated mistakes because that is a matter of administrative discretion and thus not subject to judicial review. *See id.* at 817. In *Portillo-Rendon* we did not determine what constitutes good moral character; we merely acknowledged the agency's findings that the petitioner's driving record showed "poor moral fiber" and dismissed the petition for lack of jurisdiction. *Id.*; *see also Ortiz-Estrada v. Holder*, 757 F.3d 677, 679 (7th Cir. 2014) ("[T]he decision whether an alien has [good moral] character is an exercise of administration discretion that a court cannot review."). The Board's cursory order said nothing to correct this mistaken reading.

---

[1] Ortiz-Reyes wrongly asserts that only the Board's decision should be reviewed. On a petition for review, where the Board as here affirms the IJ's decision and supplements it with its own explanation for denying the appeal, this court reviews the IJ's decision as supplemented by the Board's reasoning. *Juarez v. Holder*, 599 F.3d 560, 564 (7th Cir. 2010).

But the misreading of *Portillo-Rendon* was harmless because the IJ exercised her discretion and did not carry out her review as if constrained by that decision. She examined the facts bearing on Ortiz-Reyes's moral character. She analyzed Ortiz-Reyes's lengthy criminal record and discussed his eleven arrests and tickets between 2003 and 2012, including two DUI's and at least six for driving without a valid driver's license. The IJ considered Ortiz-Reyes's testimony about these arrests, including his justifications and his assertion that he learned his lesson and no longer drives at all. And she recognized intentionality in his actions: "Surely [Ortiz-Reyes] came to learn the illegality of his actions at some point during this period but he proceeded to ignore the prohibition on driving without a license even as recently as December 2012—a month before his cancellation hearing." Ortiz-Reyes had not demonstrated that he was a person of good moral character, she concluded, because his record revealed "a disdain for the rules that govern the use of automobiles" and "a dangerous indifference to public safety." Because the IJ properly exercised her discretion, Ortiz-Reyes's petition is denied.

We add that Ortiz-Reyes also cannot overcome the finding that he did not establish the other requirement under § 1229b(b)(1); *Adame v. Holder*, 762 F.3d 667, 669–70 (7th Cir. 2014), that his removal would cause his daughters the requisite hardship ("exceptional and extremely unusual"). As the government points out, Ortiz-Reyes failed to exhaust this argument before the Board, and we may not review it in the first instance. *See* 8 U.S.C. § 1252(d)(1).

Accordingly, we DENY the petition.