**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2017
Decided July 24, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 17-1171

| | |
|---|---|
| JOSE ALFREDO MENDOZA-SOLIS, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A200-144-813 |
| JEFFERSON B. SESSIONS III, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Jose Mendoza-Solis, a citizen of Mexico, petitions for review of the denial of his application to cancel his removal. He disputes two conclusions of the Board of Immigration Appeals: (1) that he is ineligible for cancellation because he did not establish the requisite hardship to a qualifying relative, and (2) that the immigration judge (IJ) gave him a fair hearing. We lack jurisdiction to review the first contention and therefore dismiss that part of the petition; we deny it in all other respects.

Mendoza-Solis illegally entered the United States in the 1990s and settled in suburban Chicago, where his wife and children later joined him. In 2012 the Department of Homeland Security apprehended him and placed him in removal

proceedings. At an initial hearing before an IJ, he conceded that he was present in the United States without having been admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i), but he expressed his intention to apply for cancellation of removal under 8 U.S.C. § 1229b(b).

To obtain cancellation of removal, Mendoza-Solis needed to establish that (1) he had been present in the United States continuously for at least 10 years, (2) he had "good moral character" during that time, (3) he had not been convicted of certain crimes rendering one removable or inadmissible to the country, and (4) his removal would cause "exceptional and extremely unusual hardship" to a qualifying relative who is a U.S. citizen or lawful permanent resident. See 8 U.S.C. § 1229b(b)(1).

After a hearing in 2014, the IJ denied Mendoza-Solis's application. The IJ did not credit Mendoza-Solis's testimony that he had been continuously present in the United States for the required period and independently concluded that Mendoza-Solis's sole qualifying relative—his mother, a lawful permanent resident—would not suffer sufficient hardship were he removed. He appealed to the Board, which concluded at that stage that the IJ neither adequately supported his findings nor provided Mendoza-Solis sufficient opportunity to present evidence; it remanded the case.

At a status hearing following the remand, the IJ offered these comments on the remand: "So I, I, I, for the life of me, I can't understand what the Board of Immigration Appeals felt. Maybe it was a staff attorney was concerned that I didn't credit the mother being a resident. I don't know but we're going to have to do it all over again in June." Despite his apparent frustration, the judge scheduled another merits hearing at which Mendoza-Solis's mother would be able to testify.

At the next hearing, Mendoza-Solis testified about his eligibility for relief. He asserted that he had not left the United States since arriving in 1994. His three children came to the United States in 2004, and his wife three years later; none of them has lawful immigration status. Mendoza-Solis testified that he was arrested for drunk driving in 2005 and in the past decade had been caught three times driving without a license. The most recent of those encounters resulted in a month-long jail stint. When asked about the hardship his mother would face if he were removed, he said that she sometimes lived with him and that he helped her with medical expenses and food.

At the end of Mendoza-Solis's testimony, the IJ invited both sides to make closing statements. Mendoza-Solis's attorney interjected and reminded the IJ that Mendoza-Solis's mother was present and that he wished to have her testify. The IJ acknowledged the request, but first wanted to clarify whether Mendoza-Solis would be

willing to depart the United States voluntarily if he did not qualify for cancellation of removal. The IJ asked Mendoza-Solis whether he understood the difference between voluntary departure and removal and whether he would be willing to leave voluntarily if allowed to do so. Mendoza-Solis responded affirmatively to both questions.

Mendoza-Solis's mother then testified, stating that she returned occasionally to Mexico but spent most of her time in the United States, alternating between stays with her grandson and Mendoza-Solis, who helped with expenses and transportation to medical appointments.

The IJ again denied Mendoza-Solis's application for cancellation of removal. Pointing to the lack of corroboration as well as discrepancies in the evidence regarding his year of entry (showing possible dates of 1999 and maybe even 2004, which would be within the 10-year window for the 2012 Notice to Appear), the IJ discredited Mendoza-Solis on this point and concluded that he could not establish continuous residency in the United States for the required decade. The IJ also determined that Mendoza-Solis's criminal record undermined his contention that he was a person of good moral character. Finally, the IJ found that Mendoza-Solis had not shown that his mother would suffer "exceptional and extremely unusual hardship" if he were removed, since she also lived with other family members in the United States and resided in Mexico for part of the year.

Mendoza-Solis appealed the new decision to the Board, arguing that the IJ's expression of frustration at the order to re-do the case revealed that the IJ already had decided to deny the application before listening to his mother's testimony. The Board disagreed with him, noting that the IJ allowed his mother to testify and only then decided that any hardship would not be "exceptional and extremely unusual"—a finding the Board did not disturb. The Board added that Mendoza-Solis had waived any challenge to the IJ's determinations regarding two other requirements for cancellation of removal—10 years' presence in the United States and good moral character.

In his petition for review, Mendoza-Solis first disputes the manner in which the IJ weighed the evidence in the record about his eligibility for cancellation of removal. The IJ, he asserts, erred in several respects: the IJ did not give Mendoza-Solis's testimony about the length of his continuous presence here "the weight it deserved"; the judge downplayed his letters of support and evidence of rehabilitation; and the judge's evaluation of hardship to his mother "failed to consider all the factors in the aggregate."

Unfortunately for Mendoza-Solis, the Immigration Act does not give us jurisdiction to review the denial of cancellation of removal based on a petitioner's failure to establish extreme hardship or good moral character, because these are generally discretionary determinations reserved to the agency. See 8 U.S.C. § 1252(a)(2)(B)(i); *Aparicio-Brito v. Lynch*, 824 F.3d 674, 686 (7th Cir. 2016); *Portillo-Rendon v. Holder*, 662 F.3d 815, 817 (7th Cir. 2011). Although the continuous-presence requirement may raise a non-discretionary question of statutory interpretation over which we would have jurisdiction, *Aparicio-Brito*, 824 F.3d at 686, Mendoza-Solis did not exhaust his administrative remedies on this point before the Board, see 8 U.S.C. § 1252(d)(1); *Perez-Fuentes*, 842 F.3d at 511–12.

Mendoza-Solis also maintains that the IJ denied him due process at his hearing. He argues that the IJ was biased (reflected by his expression of frustration with the Board's remand), "improperly assumed the role of counsel for the Government" through aggressive, direct questioning of Mendoza-Solis, and pre-judged the case before hearing testimony from Mendoza-Solis's mother.

To the extent that Mendoza-Solis bases this claim on his statutory procedural rights under 8 U.S.C. § 1229a(b)(4), he has not shown that the IJ's active questioning violated his statutory mandate to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." *Id.* § 1229a(b)(1); see also 8 C.F.R. § 1240.32(b). Indeed, at oral argument Mendoza-Solis conceded that the IJ neither asked any question that was inappropriate nor foreclosed any questioning by either counsel. Nothing indicates that the IJ was unwilling to consider Mendoza-Solis's evidence, including his mother's testimony. And the IJ's inquiries about voluntary departure reflected not that he pre-judged the case, but only that the judge was trying to develop a record on Mendoza-Solis's eligibility for any alternative relief. We add, finally, that Mendoza-Solis does not have a liberty or property interest in a discretionary form of relief such as cancellation of removal, and so he is not entitled to constitutional due process in this regard. See *Delgado v. Holder*, 674 F.3d 759, 765 (7th Cir. 2012).

Because we lack authority to review the Board's conclusion that Mendoza-Solis did not establish his eligibility for cancellation of removal, we DISMISS that portion of his petition for review. Because Mendoza-Solis has not shown that his hearing did not meet the statutory standards for a fair hearing, we DENY the remainder of his petition.